UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOYCE MCCOY and ORVILLE MCCOY, | ) ) ) |
| Plaintiffs, | ) ) Civil No. 6:18-cv-00006-GFVT ) |
| V. | ) ) **MEMORANDUM OPINION** |
| LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, d/b/a LAKE CUMBERLAND MEDICAL ASSOCIATES, ALC, | ) **&** ) **ORDER** ) ) ) ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Lake Cumberland Regional Hospital's Motion for Summary Judgment. [R. 44.] Plaintiff Joyce McCoy fell entering a medical facility owned by Lake Cumberland Regional Hospital and asserts that the cause of her fall was a thick mat covering an abrupt change in elevation. However, Plaintiffs cannot point to any evidence, other than their own depositions, to support such a theory. Because Plaintiffs have failed to demonstrate a genuine issue of material fact, Defendant's Motion for Summary Judgment is **GRANTED**.

**I**

The facts in this matter are largely undisputed. Joyce McCoy accompanied her husband, Orville McCoy, to Lake Cumberland Medical Associates (LCMA) on January 10, 2017, a building owned by Lake Cumberland Regional Hospital (LCRH). [R. 54 at 1.] Mr. McCoy drove Ms. McCoy to the entrance of LCMA, where she walked approximately twenty-five feet from the car in the direction of the entrance. *Id.* While approaching the entrance, she fell,

resulting in fractures to her right shoulder and left wrist. *Id*. An employee of LCMA called the paramedics. *Id*. at 2.

What the parties debate is why Ms. McCoy fell. According to the EMS run report, Ms. McCoy told paramedics that she tripped over a garbage bag. [R. 44-3 at 2.] Ms. McCoy was transported to LCRH, where the hospital's triage report indicates she slipped on a plastic bag. [R. 44-5 at 2.] Notes from her treating physician at LCRH, Dr. Alpen Patel, show that Ms. McCoy told him she slipped on a plastic garbage bag. [R. 44-6 at 2.] Dr. Patel referred her to an orthopedic surgeon, Dr. Daniel R. Yanicko, who also reported that she slipped on a plastic garbage bag, but he admits he probably received this information from Dr. Patel. [R. 44-9 at 2; R. 44-10 at 11.] Ms. McCoy now denies telling anyone her fall was caused in any way by a plastic or garbage bag. [R. 54 at 3.]

Instead, Ms. McCoy now claims that her fall resulted from a hazardous condition at the entrance to LCMA. [R. 1-1 at 6.] According to her theory, LCMA placed a mat in front of the entrance, concealing an unlevel expansion joint and an abrupt change in elevation. [R. 54 at 4.] She attributes her fall and subsequent injuries to that hidden slope. *Id*. Experts hired by Mr. and Ms. McCoy established that the combination of the mat, slope, and expansion joint constitutes an unreasonably dangerous condition, and the elevation change should have been accompanied by a warning. *Id*. at 4–5. However, she later testified at her deposition that she did not see the mat or elevation change until someone returned to take pictures of the area after her fall. [R. 44-2 at 13–14.] Both Mr. and Ms. McCoy sued LCMA and LCRH for negligence, specifically for failure to maintain the sidewalk and entrance area. [R. 1-1 at 6–8.] Mr. McCoy joined the suit seeking damages for loss of spousal consortium. *Id*.

## II

### A

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Liberty Lobby*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

When applying the summary judgment standard, the Court must review the facts and

draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id*.

**B**

This case comes to this Court on removal from Pulaski Circuit Court in Pulaski, County, Kentucky.[1] [R. 1.] Therefore, while federal law governs the summary judgment standard and procedure in this case, Kentucky law controls as to the substantive elements of liability. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). In Kentucky, to succeed on a claim for negligence, a plaintiff must prove an existing duty by the defendants, a breach of that duty, damages, and that the breach of the existing duty was the proximate cause of the alleged damages. *Helton v. Montgomery*, 595 S.W.2d 257, 258 (Ky. Ct. App. 1980). Negligence must be affirmatively proven and cannot be presumed. *Id*. LCRH does not contest that Ms. McCoy was a business invitee to LCMA.

Specifically, for premises liability cases such as this, Kentucky employs a burden-shifting approach:

> Under *Lanier*, the customer retains the burden of proving that (1) he or she had an encounter with a foreign substance or other dangerous condition on the business

---

[1] This case was removed pursuant to diversity jurisdiction under 28 U.S.C. §§ 1441 and 1446. Lake Cumberland Regional Hospital, LLC, is a foreign limited liability company organized in Delaware with a principal office in Tennessee. [R. 1 at 2.] Plaintiffs are residents of Kentucky. [R. 1-2 at 1.] Kentucky practice does not allow plaintiffs to state a specific demand for damages, but Lake Cumberland asserted the amount in controversy exceeds $75,000.00, exclusive of interest and costs. [R. 1 at 3.] Plaintiffs did not object to removal. The Court has reviewed the notice of removal and found, by a preponderance of the evidence, the amount in controversy exceeds $75,000.00 and the parties are diverse, making diversity jurisdiction proper in this matter.

premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003) (citing *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W. 3d 431, 435–36 (Ky. 2003)). Proof of these elements establishes a rebuttable presumption that will survive summary judgment and shifts the burden to the defendant to prove the exercise of reasonable care. *Id.*

Ms. McCoy has provided expert testimony sufficient to demonstrate, for the purposes of summary judgment, that an unreasonably dangerous condition existed at the entrance to LCMA. John Roberson, a director of engineering at LifePoint Hospitals, testified that the expansion joint should have been flat, but had caused an elevation change under the mat that was not apparent to pedestrians. [R. 54-9 at 6, 39–40.] Richard Hughes, a self-employed consulting engineer, agreed that LCMA should have leveled the expansion joint or warned passers-by of the slope. [R. 54-10 at 4, 9.] However, Mr. and Ms. McCoy have failed to establish an absence of material fact as to whether the encounter with the dangerous condition caused her fall.

Both parties expend much energy attempting to prove or disprove the existence of a plastic garbage bag. Defendants insist that the bag caused her fall, while Plaintiffs insist a bag was never involved. But the relevant issue is not whether or not Mr. McCoy tripped over a plastic bag; the issue is whether the mat and expansion joint, the alleged dangerous condition, caused her fall. *Martin*, 113 S.W.3d at 98. Mr. and Ms. McCoy point to the existence of the dangerous condition but offer no facts to support the theory that she fell because of that condition. [*See generally* R. 54.]

A nonmoving party in opposition to summary judgment "must employ proof other than his own pleadings and own affidavits to establish the existence of specific triable facts."

5

*Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The Plaintiffs have provided no such evidence here. Rather, they ask this Court to infer that the cause of her fall was related to the established condition. [R. 54 at 8–11.] Immediately after the accident, medical records reflect that Ms. McCoy tripped over a plastic bag, and none of those records include Ms. McCoy's claim that she tripped over a mat or elevation change. [R. 44-3 at 2; R. 44-5 at 2; R. 44-6 at 2; R. 44-9 at 2.] The first mention of a mat or elevation change does not appear until February 22, 2017, during an office visit with Dr. Yanicko, over six weeks after the fall occurred. [R. 54 at 3.] At her deposition, she could only state that she thought she tripped over a mat, but also stated, "I'm not sure what I hit." [R. 54-1 at 11–13.] The parties have presented no witnesses of Ms. McCoy's fall.

In *McCord v. T.J. Maxx Companies, Inc.*¸ the plaintiff slipped and fell while entering a fitting room. 2017 WL 3298679, CIVIL ACTION NO. 17-29-DLF-CJS, at *1 (E.D. Ky. Aug. 2, 2017). No one saw her fall, and no one observed any foreign substance on the floor, but the plaintiff claimed that there must have been something on the floor because she fell. *Id*. The Court found the plaintiff could not establish that she had encountered a dangerous condition simply because she slipped and fell. *Id*. at *4. Similarly, in *Hazley v. Wal-Mart Stores East, L.P.*, the Western District of Kentucky granted summary judgment because the plaintiff presented only "her own conjectural and inconsistent testimony." 2014 WL 5366115, Civil Action No. 3:13-CV-960-H, at *4 (W.D. Ky. Oct. 20, 2014). Unlike in cases where summary judgment was denied, "Hazley has not told a consistent story, has presented no corroborating evidence, and can only speculate that she fell because of a vague condition somewhere outside of Wal-Mart." *Id*.

Though the Plaintiffs' burden at summary judgment stage is not substantial, Mr. and Ms. McCoy must provide some evidence to establish a *prima facie* case, beyond mere speculation. *McCord¸* 2017 WL 3298679, at *3. The Court does not seek to weigh the credibility of Ms. McCoy or determine the truth of the matter but must determine if a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine dispute of material fact only can exist where the non-moving party can point to sufficient evidence by which a jury could return a verdict for the non-moving party. *Id*. This requires more than a scintilla of evidence: if the evidence is "merely colorable" or is "not significantly probative," summary judgment is appropriate. *Id*. at 250–51.

Ms. McCoy has only presented her own speculation as to what caused her fall. She has presented no corroborating evidence. There are no witnesses confirming that Ms. McCoy encountered the mat in question. In *Denney v. Steak N Shake operations, Inc.*, the Sixth Circuit overturned a grant of summary judgment after the plaintiff testified that he watched other people encounter difficulty walking on the floor before he himself slipped on the floor. 559 F. App'x 485, 487–88 (6th Cir. 2014). But Ms. McCoy has not provided any such testimony. She has only offered that she does not know what she tripped over, she hit her right toe on something, she did not notice a discrepancy in the level of the pavement until someone showed her pictures later, she thinks the mat was thick, she thinks she hit the mat, and she is not sure what she tripped over. [R. 44-2 at 12–14.] All of this testimony is mere speculation as to the cause of her fall, and Ms. McCoy must present something more to survive summary judgment. *Kavanaugh v. Lexington Fayette Urban Cty. Govt.*, 638 F. App'x 446, 449–50 (6th Cir. 2015) (citing *Anderson*, 477 U.S. at 252); *Przybylinski v. CSX Transp. Inc.*, 292 F. App'x 485, 489 (6th Cir. 2008)

("Przybylinski cannot put before the jury any actual evidence—beyond the mere speculation offered to us—as to what caused her injury, and the jury would be in no better position than this court to decide her claim. . . . Therefore, there are no genuine issues of material fact . . ..") (citing *Anderson*, 477 U.S. at 252). Since Ms. McCoy has failed to establish a *prima facie* case as to the cause of her fall, summary judgment is appropriate.

### III

While it is possible that Ms. McCoy tripped over the mat outside of LCMA, it is equally possible that she tripped over a plastic bag or other hazard. In order to find for the Plaintiffs, this Court or a jury would need to rely only on speculation and assumption, without any concrete evidence to support Plaintiffs' claim. Even construing the presented evidence in the light most favorable to the non-moving party, Plaintiffs here have not demonstrated sufficient evidence, beyond their own speculation, to overcome a motion for summary judgment. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Lake Cumberland Regional Hospital, LLC's Motion for Summary Judgment [**R. 44**] is **GRANTED**;

2. All pending Motions *in Limine* [**R. 47; R. 51; R. 52**] are **DENIED AS MOOT**;

3. Plaintiffs' Motion to Continue Trial [**R. 66**] is **DENIED AS MOOT**; and

4. Judgment in favor of the Defendant shall be entered contemporaneously herewith.

This the 5th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge