UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOYCE MCCOY and <br> ORVILLE MCCOY, <br><br> Plaintiffs, <br><br> V. <br><br> LAKE CUMBERLAND REGIONAL HOSPITAL, LLC, d/b/a LAKE CUMBERLAND MEDICAL ASSOCIATES, ALC, <br><br> Defendant. | Civil No. 6:18-cv-00006-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

*** *** *** ***

Plaintiffs Joyce and Orville McCoy sued Lake Cumberland Medical Associates after Ms. McCoy sustained injuries from a fall. The Court granted summary judgment in favor of the Defendant after applying the burden-shifting approach prescribed by Kentucky law. Plaintiffs have now filed a Motion to Vacate Judgment, pursuant to Fed. R. Civ. Pro. 59(e). Because the Plaintiffs have not introduced new evidence or a change in the law, and because the Plaintiffs have not demonstrated a clear error of law or impending manifest injustice, their Motion to Vacate is **DENIED**.

**I**

This Motion stems from the same factual basis as the original Memorandum Opinion & Order [R. 72], and therefore, the facts from that opinion are incorporated here by reference. Joyce McCoy fell in front of the entrance of Lake Cumberland Medical Associates (LCMA). [R. 54 at 1.] No one saw her fall. *Id*. Evidence presented to the Court shows that Ms. McCoy initially told paramedics and her doctor that she tripped over a bag, but she now denies stating

this, arguing instead she fell over a thick mat in front of the door. [R. 44-5 at 2; R. 44-6 at 2; R. 54 at 3; R. 1-1 at 6.] She and her husband, Orville McCoy sued for negligence, specifically for failure to maintain the sidewalk and entrance area. [R. 1-1 at 6–8.]

LCMA filed a motion for summary judgment, stating Ms. McCoy could not provide an absence of material as to why she fell. [R. 44.] For premises liability cases such as this, Kentucky[1] employs a burden-shifting approach:

> Under *Lanier*, the customer retains the burden of proving that (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003) (citing *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W. 3d 431, 435–36 (Ky. 2003)). Proof of these elements establishes a rebuttable presumption that will survive summary judgment and shifts the burden to the defendant to prove the exercise of reasonable care. *Id*.

The Court determined Ms. McCoy has provided expert testimony sufficient to demonstrate, for the purposes of summary judgment, that an unreasonably dangerous condition existed at the entrance to LCMA. [R. 72 at 5.] However, the Court found that the Plaintiffs provided no evidence, other than their own pleadings and affidavits, to establish that she encountered the dangerous condition or that the encounter caused her accident. *Id*. at 5–8. At best, the Plaintiffs could only provide their own speculation, which the Sixth Circuit recognizes is not enough to survive summary judgment. *Id*. at 7–8.

---

[1] This case was removed from Pulaski Circuit Court. [R. 1.] The Court examined the record and determined the parties were diverse and the amount in controversy was met to establish jurisdiction. [R. 72 at 4.] Therefore, while federal law governs the summary judgment standard and procedure in this case, Kentucky law controls as to the substantive elements of liability. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

## II

Rule 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See also, ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A district court has discretion to grant or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999). Re-argument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005).

However, the Plaintiffs barely reference this standard in their motion.[2] Instead, the Plaintiffs reargue their previous response to LCMA's Motion for Summary Judgment. [*Compare* R. 54 *with* R. 74.] The Plaintiffs do not even state which reason under Rule 59(e) they seek amendment or vacation here. Instead, they restate their arguments against summary judgment and law to support it. [R. 74.] There has been no new evidence presented, no change of law, and no allegation that the Court has made a clear error of law.[3] Plaintiffs do not agree with the Court's application of law, but that is not clear error. The Plaintiffs are attempting to use a Rule 59(e) motion to relitigate the issue, which is not a reason to grant a motion to

---

[2] Plaintiffs mention in their reply that they seek relief under Rule 59(e) for clear error of law. [R. 78.] However, the Sixth Circuit has repeatedly refused to recognize arguments raised initially in a reply brief. *See Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003) (new arguments in a reply brief vitiate a nonmovant's ability to respond); *Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) ("Since defendant was deprived of an opportunity to address the issue by plaintiff's failure to raise this issue in his original brief, we will consider the issue waived."); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) ("We generally will not hear issues raised for the first time in a reply brief."). Reply briefs are designed for a moving party to *reply* to a response brief, not provide the moving party a second chance to file the initial motion. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Because LCMA has no opportunity to respond to the Plaintiffs' new arguments, the Court deems these arguments as waived. *Id*.

[3] See Note 2.

reconsider. Fed. R. Civ. Pro. 59(e); *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005).

### III

This motion is an attempt to relitigate issues already determined by this Court. Because the Plaintiffs have failed to state a reason to alter, amend, or vacate the judgment under Rule 59(e), the Court finds no reason to vacate its previous decision. Accordingly, for the aforementioned reasons, the Plaintiffs' Motion to Vacate [**R. 74**] is **DENIED**.

This the 1st day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge